# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ROY LEE JONES,** § | |
| Petitioner, § | |
| § | |
| v. § | **A-07-CA-492 SS** |
| § | |
| **UNITED STATES DISTRICT COURT** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Roy Lee Jones' Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1361. The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. ANALYSIS

Petitioner, who was sentenced by Judge Sparks on October 15, 2004, to 240 months of imprisonment, a sentence he has yet to start serving because he is currently serving a state sentence, asserts that he should be granted a time credit on the federal sentence from the date that federal authorities lodged with the state prison a detainer against him.[1]

A Petition for a Writ of Mandamus is not proper for such a claim. The standard for a Writ of Mandamus indicates that "petitioners must show that they lack alternative means to obtain the

---

[1] The Court notes that petitioner previously raised this issue in a motion filed on March 28, 2007, which was denied by Judge Sparks on April 2, 2007.

relief they seek." *In re American Airlines*, 972 F.2d 605, 608 (5th Cir. 1992). The relief sought by Petitioner may be sought instead via an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See Davis v. Fechtel*, 150 F.3d 486, 487-88 (5th Cir. 1998) (Petitioner's claim "challenging the execution of his sentence . . . therefore is a section 2241 claim," not a mandamus claim). "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, while a § 2255 motion, by contrast, is the proper means of attacking errors that occurred "at or prior to sentencing." *Id.* As Petitioner seeks relief based on the duration of his sentence, the court construes Petitioner's Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1361 as an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

While § 2241 claims are not governed by the exhaustion requirements of 42 U.S.C. § 1997(e)(a), federal prisoners must nevertheless "exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Credit for time served in state court while on detainer for federal charges is computed by the Attorney General through the Bureau of Prisons pursuant to 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). According to the Supreme Court, "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." *Id.* at 333. The Court held that computations could not be made sooner "[b]ecause § 3585(b) bases the credit on how much time a defendant 'has spent' (not 'will have spent') prior to beginning his sentence." *Id.* Accordingly, "the principles of exhaustion require that the BOP be given an opportunity to review

2

sentence credit determinations before a federal court exercises habeas jurisdiction." *Munoz v. United States*, Slip Copy, 2007 WL 708567 (W.D.Tex. 2007). After the credit determination has been made by the BOP, "[p]risoners may then seek administrative review of the computations of their credit, and, once they have exhausted their administrative remedies, prisoners may only *then* seek judicial review of these computations." *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (internal citations omitted) (emphasis in original) (citing *Wilson*, 503 U.S. at 335).

Petitioner is currently being held in a state institution (the L.M. Hightower Unit in Dayton, TX); he has not yet begun his federal sentence. As such, the BOP has had no opportunity to calculate any credit for time served on his federal sentence, and under *Wilson* such calculations can be made only after Petitioner begins his sentence. Petitioner has therefore not yet exhausted his administrative remedies by appealing the calculation of his credit, as no such calculation could possibly have taken place at this juncture. Under *Wilson* and *Dowling*, prisoners may only seek judicial review of credit computations once they have exhausted their administrative remedies, which Petitioner is not yet been in a position to do. Due to the premature nature of the claim, there is presently no case or controversy under Article III § 2 of the Constitution to grant jurisdiction over the matter to a federal court.

## II.  RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Petitioner's Writ of Mandamus pursuant to 28 U.S.C. § 1361 (construed as a Petition for Writ of Habeas Corpus) be **DISMISSED WITHOUT PREJUDICE**.

### III.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)©); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE